# United States District Court
# District of South Carolina

| | |
|---|---|
| John Timmons, #312011; | ) C/A No. 0:06-1665-MBS-BM |
|  Plaintiff; | ) |
| vs. | ) **Report and Recommendation** |
| Warden Willy Eagleton; and Doctor Patel; | ) |
|  Defendants. | ) |

The Plaintiff, John Timmons, has brought this *pro se* action against the Defendants under 42 U.S.C. §1983. Plaintiff is incarcerated at the Evans Correctional Institution in Bennettsville, South Carolina. The narrative from his Complaint is recited below verbatim:

> (1) I am an ex-military man who was wounded in the head. I have a plate located in my skull. I began to experience pains in my head, and went to Doctor Patel who not only refused to look at the problem, but talk to me like a I was a dog and then run me out of his office. Even when I tried to get some creme [sic] for a rash on my face and body this Doctor refused to even give me any creme, thus denying me medical treatment.
>
>    8th Amendment
>
> (2) The 8th amendment to the United State [sic] Constitution provides that correctional system's [sic] are required to provide medical care to inmates and detention facilities are required to provide medical treatment to detainee's for this purpose.
>
> (3) When the State takes a person into it's [sic] custody and hold him there against his will, the constitution imposes upon it a corresponding duty to assure some responsibility for his safety and general well being. The rationale for this principle is simple enough, when the State by the affirmative exercise of its power restrain an individual liberty that it render him unable to care for himself, and at the same time to provide for his basic human needs to include (food) (clothing) (shelter) (medical care) (sanitation) and reasonable safety it transgress the substantive limit's [sic] on state action set by the 8th amend.
>
>    Liability Claims
>
> (4) Warden Willy Eagleton is legally responsible [sic] for the operation here at Evans Correct Inst., which also includes the welfare of inmates here at Evans Correct Inst., because he's the



> senior warden who works under a military system calls the chain of command. Warden Eagleton is the top link in that chain here's at Evans Correct. Inst., which means that he has the power to enforce medical treatment. Plus this warden act's [sic] under color of state law, which makes him liable under section 1983.
> (5) Doctor Patel, whether he's a private doctor or not, he also act's [sic] under color of state law, which makes him liable under section 1983 as an employee of this institution.
> (6) Also I sent a staff request to Warden Willy Eagleton, addressing this problem with Doctor Patel, but that was a week ago and this Warden have failed to even respond to my request.
> (7) The Plaintiff John Timmon Jr. is seeking $4,000,000 million dollars in damages, not just because he was denied medical treatment but because he risk his life fighting for this country, only to be treated like an animal.

[Docket Entry #1, pp. 3-6.]

## DISCUSSION

Since the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). Even under this less stringent standard, however, this *pro se* Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

The Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997e(a) provides: "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court has held this to be a mandatory provision which "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or



some other wrong." Porter v. Nussle, 534 U.S. 516 (2002).

The South Carolina Department of Corrections (SCDC) has a well-established inmate grievance procedure. Inmates may file written "Requests to Staff" (SCDC Form 19-11) to indicate a need or problem. An attempt at informal resolution through the Institutional Grievance Coordinator is required. If the matter cannot be so resolved, then the inmate files a Step One Grievance (SCDC Form 10-5) which is reviewed by the administration of a given correctional institution. The Step Two Grievance (SCDC Form 10-5A) is the means whereby an adverse institutional decision may be reviewed within SCDC above the level of the institution warden.[1] SCDC deadlines for review of Step One grievances and Step Two appeals are forty (40) and sixty (60) days respectively.[2]

Plaintiff frankly admits that he has not pursued administrative relief for his claims. Complaint, ¶ II(C)(2). Plaintiff having complained to Dr. Patel, or having sent a staff request to Warden Eagleton one week before filing this action, does not satisfy the exhaustion requirement of § 1997e(a). Therefore, Plaintiff's claim should be dismissed at this time for failure to pursue available administrative remedies.[3]

---

[1] – In orders filed on May 9, 1996, this court certified that the inmate grievance procedure established by the South Carolina Department of Corrections met the requirements of 42 U.S.C. § 1997e(a)(2). *See* the orders filed in Misc. No. 3:96-MC-83-2 and Misc. No. 3:96-MC-84-2 (D.S.C., May 9, 1996)

[2] – The current SCDC Policy/Procedure GA-01.12 "Inmate Grievance System" allows forty (40) calendar days for a Warden to respond to Step One and sixty (60) calendar days thereafter for a determination upon a Step Two appeal. *See* paragraphs 14.3 and 14.4. Moreover, the directive provides that "in all instances, grievances will be processed from initiation to final disposition within 105 days except when the Chief/Designee, Inmate Grievance Branch, specifically agrees to a request for an extension." *See* paragraph 11. The maximum extension period is limited to seventy-five days, with the specific provision that no grievance process may exceed one hundred eighty days.

[3] Pursuant to Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005), an inmate's failure to exhaust administrative remedies is generally an affirmative defense to be pled and proven by the Defendant. However, where failure to exhaust is apparent from the face of the Complaint, the Court may raise the issue of exhaustion on its own motion. Through the issuance of this Report and Recommendation, Plaintiff is being given the opportunity to address this issue prior to any final order of dismissal on this ground being issued. (Continued...



**CONCLUSION**

Based on the forgoing, it is recommended that this case be dismissed, without prejudice. Plaintiff's attention is directed to the Notice on the following page.

Respectfully Submitted,

Bristow Marchant
United States Magistrate Judge

June 19, 2006
Columbia, South Carolina

---

Anderson, 407 F.3d at 682-683.



**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are not sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded pro se in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a pro se litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger de novo review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201**

