IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Timmons, #312011, ) | C/A No. 0:06-1665-MBS-BM |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION AND** |
| v. ) | **ORDER** |
| ) | |
| Warden Willy Eagleton and Dr. Patel, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff John Timmons is an inmate in the custody of the South Carolina Department of Corrections ("SCDC"). He is currently incarcerated at Evans Correctional Institution ("ECI") in Bennettsville, South Carolina. Appearing *pro se*, Plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging that Defendants Willy Eagleton, Warden at ECI, and Dr. Patel[1] violated Plaintiff's constitutional rights by subjecting him to medical indifference.[2]

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge reviewed the *pro se* complaint pursuant to the provisions of 28 U.S.C. § 1915 and filed a Report and Recommendation on June 20, 2006. See Report and Recommendation (Entry 5). The

---

[1] Throughout the complaint, Dr. Patel is identified only by his title and last name. Apparently, Dr. Patel provides medical services at ECI.

[2] Specifically, Plaintiff avers that, when he sought treatment from Dr. Patel for head pains, Dr. Patel "not only refused to look at the problem, but talk [sic] to [Plaintiff] like a dog and then run [sic] [Plaintiff] out of his office." Complaint, 3 (Entry 1). Plaintiff also claims that Dr. Patel "refused to even give [him] any creme [sic]" for a rash on his face and body. Id. According to Plaintiff, he sent a complaint about Dr. Patel to Warden Eagleton approximately one week before filing the instant action and had not yet received a response. Id. at 4.

1

Magistrate Judge recommended that Plaintiff's complaint be summarily dismissed without prejudice and without issuance and service of process. Id. at 4. Plaintiff filed objections to the Report and Recommendation on July 6, 2006. Objections to the Report (Entry 6).[3]

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. Mathews v. Weber, 423 U.S. 261, 270 (1976). The responsibility for making a final determination remains with this court. Id. The district court is obligated to conduct a *de novo* review of every portion of the Report and Recommendation to which objections have been filed. 28 U.S.C. § 636(b)(1)(C). The district court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or may recommit the matter to the Magistrate Judge with instructions. Id.

## DISCUSSION

The court has reviewed Plaintiff's objections to the Report and Recommendation of the Magistrate Judge. Plaintiff does not raise any specific objection to the Magistrate Judge's findings; rather, Plaintiff's argues that he has the right to bring this suit under 42 U.S.C. §§ 1981[4] and

---

[3]   Plaintiff's response is styled as a "motion in opposition to these defendant's [sic] motion to dismiss the civil complaint, of [Plaintiff] for failure to exhaust administrative remedies in violation of the Prison Litigation Reform Act," id. at 1. However, Defendants did not file any such motion to dismiss, nor have they filed any other responsive pleading in this matter. Nonetheless, the court must liberally construe Plaintiff's *pro se* response, see Hughes v. Rowe, 449 U.S. 5 (1980) (stating that the pleadings of *pro se* litigants are accorded liberal construction); accordingly, the court has characterized the response as Plaintiff's objections to the Report and Recommendation.

[4]   42 U.S.C. § 1981(a) provides that: "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property and is enjoyed by white citizens, and shall be subject to like punishment, pains,

1983[5]. Objections to the Report, 1-2. See id. at 2 ("Under [Section 1981], the Plaintiff . . . has the right to sue for damages, be parties [sic] to the suit, (give evidence) in the suit to the full and equal benefit of all laws and proceeding [sic]. . . . Also [Section 1983] provides a remedy for deprivation [sic] of rights secured by the United States Constitution and law's [sic] when the deprivation take [sic] place under color of any statute, ordinance, regulation, custom, or usage of any state."); id. at 3 (stating that "[Plaintiff] forfeit [sic] his right's [sic] to appeal [under an SCDC policy requiring inmates to file responses to disciplinary decisions within a certain time period], but not to sue, which he has a right to do."). Even if the court construed these statements as objections to the Report, at most, they would constitute the type of general and conclusory objections that do not warrant the court's response. See Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982) (when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed finding and recommendations, the court need not conduct a de novo review).

The Magistrate Judge properly recommended that this action be dismissed because Plaintiff had failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, which requires that an inmate exhaust all administrative remedies before filing a civil rights action concerning the conditions of his confinement. The PLRA provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other

---

penalties, taxes, licenses, and exactions of every kind, and to no other."

[5]  42 U.S.C. § 1983 provides that: "[e]very person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ."

3

Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id.  Here, Plaintiff failed to exhaust the administrative remedies available to him at SCDC because he did not pursue the claim against Dr. Patel beyond the first level.  See Booth v. Churner, 532 U.S. 731, 735 (2001) (noting that Booth, who conceded nonexhaustion in the lower proceeding, "did not, however, go beyond the first step, and never sought intermediate or final administrative review after the prison authority denied relief). The Magistrate Judge properly found that "Plaintiff frankly admits that he has not pursued administrative relief for his claims.  Plaintiff having complained to Dr. Patel, or having sent a staff request to Warden Eagleton one week before filing this action, does not satisfy the exhaustion requirement . . . ."  Report and Recommendation, 3.  Accordingly, Plaintiff's claims must be dismissed for failure to exhaust his administrative remedies.

## CONCLUSION

After thoroughly reviewing the Report and Recommendation in its entirety and the applicable case law, the court finds no error in the Report and Recommendation.  Accordingly, the court adopts the Report and Recommendation and incorporates it herein by reference.  This case is summarily dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

   /s/ Margaret B. Seymour  
Margaret B. Seymour  
United States District Court

April 25, 2007  
Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**  
**Plaintiff is hereby notified that he has the right to appeal pursuant to**  
**Rules 3 and 4 of the Federal Rules of Appellate Procedure.**